JANVIER, Judge.
Plaintiff, Ernest G. Thompson, seeks to recover from Emerick DeLanzo $124.91 as the cost of repairing his 1950 Plymouth Coach, which he alleges was damaged in a collision with a 1940 Chevrolet Coupe owned and driven by the defendant.
The accident occurred at about 11:25 o’clock on the morning of June 9, 1951. Plaintiff alleges that the collision was caused by negligence on the part of De-Lanzo and that he himself was not in any way at fault.
Defendant filed an answer in which he denied that he had been in any way at fault and in which he averred that the accident had been caused solely by negligence on the part of plaintiff himself.
The matter was fixed for trial on February 6, 1952, at 10 o’clock in Section “C” of the First City Court, but for some unexplained reason it was not tried on that day, and counsel for plaintiff re-fixed it for trial on March 26, 1952. When it came up for trial on that day neither defendant nor his attorney was present, and plaintiff presented his evidence and obtained judgment against defendant, Emerick DeLanzo, for $124.91, with interest and costs. The judgment was signed on April 1, 1952. On *665 April 9, DeLanzo, through his attorney, obtained a suspensive appeal to this Court.
The case was fixed in this Court to be heard on January 23, 1953, and on January 21, 1953, two days before the case was to be heard, counsel for defendant filed an affidavit in which he stated that the case had been tried in the First City Court •on February 6, 1952, which was not correct, and that defendant was not represented at that trial for the reason that he, the attorney for the defendant, had never received notice of trial which was addressed to him as attorney. He further stated in his affidavit that, though the re-burn on the notice for trial which was issued showed that it had been served on him as attorney in person, in truth it had never been served on him, and could not have been so served, for the reason that customarily notices of trial served on attorneys are served at their offices, and he had not been at his office for at least a week .at the time at which the return showed that the notice had been served.
Apparently in making the affidavit counsel for defendant did not notice that the case had not been tried at that time and was not tried until March 26, 1952, and in his affidavit he makes no complaint that he had not been served with notice of trial for March 26, 1952. The return on that notice shows that it was served on defendant “thru Arthur J. O’Keefe, Jr., Attorney in Person.”
Counsel for defendant strenuously argues that we should reverse the judgment for the reason that no notice of trial had ever been served. We find nothing in the record to justify such reversal.
The evidence which was submitted shows clearly the liability of the defendant.
Accordingly the judgment appealed from is affirmed at the cost of appellant.
Affirmed.